UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

XUSEEN CABDI XASAN,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondent.

Case No. 2:26-cv-03038-TLF

ORDER GRANTING HABEAS RELIEF IN PART

Petitioner Xuseen Cabdi Xasan has filed a petition for habeas corpus under 28 U.S.C. § 2241, challenging his immigration detention. Dkt. 1, Habeas Corpus Petition. He is currently detained at the Northwest ICE Processing Center (NWIPC) in Tacoma, Washington. Dkt. 6, Declaration of Ian Bloom (Bloom Decl.) at 3. The parties have unanimously consented to the jurisdiction of a Magistrate Judge. Dkt. 3.

Having considered the petition, the briefing, and the record, the Court holds petitioner's continued detention violates due process. The petition is GRANTED in part. The respondents must release petitioner within 24 hours under his prior conditions of release.

## BACKGROUND

Petitioner is a native and citizen of Somalia. Dkt. 6, Bloom Decl. at 1. On July 17, 2022, he was encountered by U.S. Border Patrol and taken into custody. *Id.* Two days later, on July 19, 2022, the Department of Homeland Security issued a Notice to Appear

(NTA) charging petitioner as inadmissible under INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), because he was "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." Dkt. 6, Bloom Decl. at 1; Dkt. 7-2, NTA at 2.

On or about July 21, 2022, petitioner was released from custody on a Form I-220A, Order of Release on Recognizance (OREC), subject to Alternative to Detention (ATD) requirements. Dkt. 6, Bloom Decl. at 5; Dkt. 7-3, OREC. Petitioner applied for asylum and withholding of removal; he worked as an uber driver and security guard during the four years he was released on an OREC. Dkt. 1-2, Declaration of Xuseen Cabdi Xasan; *but see* Dkt. 7-1, Form I-213 at 2 (marking petitioner as "Unemployed or Retired").

On September 11, 2025, petitioner failed to report to the United States Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO). He reported to ERO 49 days later, on October 30, 2025. Dkt. 8, Bloom Decl. at 6. ICE took no action to detain or reprimand petitioner after the first missed check-in.

On June 22, 2026, petitioner again failed to report to ERO as scheduled and reported 31 days later, on July 23, 2026. Dkt. 6, Bloom Decl. at 3; Dkt. 8, Reply at 1 ("Petitioner acknowledges two late reporting appearances"). ICE determined that petitioner's two late reports violated the terms of his OREC. The government asserts that an I-200 administrative arrest warrant was issued and that his OREC was cancelled on that date. Dkt. 6, Bloom Decl. at 3. Petitioner claims that "to date, Petitioner not been provided the I-200 warrant, a separate OREC cancellation decision, advance written

notice, an individualized custody assessment, or a decision signed by an identified official possessing authority under 8 C.F.R. § 236.1(c)(9) or § 1236.1(c)(9).” Dkt. 1 at 6.

The respondents have not filed with this Court an I-200 warrant, OREC cancellation, or any decision with an identified official possessing authority in the record before Court. *See* Dkt. 7, Declaration of Jennifer Wong, and attached documents.

On August 27, 2026, an immigration judge (IJ) denied all forms of relief for petitioner and ordered him removed to Somalia. Dkt. 6 at 3; Dkt. 7-4, Order of the Immigration Judge. Petitioner has appealed the decision to the Board of Immigration Appeals (BIA). Dkt. 8-1, Proof of BIA Appeal.

The government claims that: (1) Petitioner’s detention is lawful under 8 U.S.C. § 1225(b)(2)(A); (2) Petitioner’s re-detention comports with due process; and (3) Petitioner’s claims that his detention violates the Administrative Procedure Act (APA) must be dismissed for lack of subject matter jurisdiction. They also state he failed to exhaust his administrative remedies under 1226(a). Dkt. 5 at 6-7.

**DISCUSSION:**

**A. Exhaustion**

“In the immigration habeas context, administrative exhaustion is prudential, not jurisdictional.” *Vazquez Lopez v. Hernandez*, 830 F. Supp. 3d 1097, 1100 (W.D. Wash. 2026).

Generally, prudential exhaustion may be required where the following factors are met: “(1) agency expertise makes consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to

allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (citation omitted). Even if the *Puga* factors favor prudential exhaustion, courts may waive the prudential exhaustion requirement if the petitioner demonstrates one of the following factors applies: (1) "administrative remedies are inadequate or not efficacious," (2) "pursuit of administrative remedies would be a futile gesture," (3) "irreparable injury would result," or (4) "the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (citations omitted).

Here, even if the Court assumes that the *Puga* factors apply, petitioner's pursuit of administrative remedies would be inadequate and futile. The administrative remedy respondents seem to suggest, which is a bond hearing under 1226(a), would be incapable of addressing the injury alleged.

Petitioner claims that the Due Process violation occurred when ICE re-detained him on July 23, 2026, at a check-in, without notice or a pre-deprivation hearing. A post-deprivation bond hearing would not address petitioner's claim that he was not afforded constitutionally adequate procedural safeguards before the government deprived him of his liberty. *See Padilla v. Mullin*, No. 3:25-cv-270-ART-CSD, 2026 WL 1245462, at *3 (D. Nev. May 6, 2026) ("[Petitioner's] challenge falls squarely into the futility exception to prudential exhaustion ... [Petitioner's] claim is that he was entitled to process *before* DHS could detain him, and that the Government's failure to provide him with pre-deprivation process makes his detention unconstitutional ... No post-detention custodial hearing could fully address [Petitioner's] complaint or award him sufficient relief."). Petitioner's claim falls into the futility exception to prudential exhaustion. The Court thus

holds petitioner is not required to exhaust his administrative remedies before pursuing his habeas petition.

**B. Due Process**

Under the Due Process Clause of the Fifth Amendment, "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law . . . " U.S. Const... amend. V. This right extends to "all persons within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

Here, petitioner argues his detention violates the Due Process Clause under *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *See* Dkt. 1 at 12-13, 15. The Court adopts the reasoning of *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1320-24 (W.D. Wash. 2025), in weighing the *Mathews* factors which include: (1) The private interest affected by the official action; (2) the risk of erroneous deprivation of such interest through the procedures used, and the probable value of additional or substitute procedural safeguards; and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Mathews*, 424 U.S. at 335; *Rodriquez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (2022) (assuming without deciding that the *Mathews* test applies "in the immigration detention context.").

Regardless of the statutory basis of petitioner's detention, the Due Process Clause may provide procedural protections not found in the statute. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *see also Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1137 (W.D. Wash. 2025) (quoting *E.A. T.-B. v. Wamsley*, 795 Supp. 3d at 1322) ("the

fact 'that the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process.'").

Noncitizens covered by § 1225(b)(1) are subject to an expedited removal process that does not include a hearing before an Immigration Judge or review of the removal order." *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1116 (W.D. Wash. 2019) (citing 8 U.S.C. § 1225(b)(1)(A)(i)). But, where a noncitizen "indicates either an intention to apply for asylum ... or a fear of persecution," the inspecting immigration officer must refer that noncitizen for an interview with an asylum officer. 8 U.S.C. § 1225(b)(1)(A)(ii); 8 C.F.R. § 208.30(d). Thereafter, if the asylum officer determines that the noncitizen has a credible fear of persecution, then the noncitizen "shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii); *Banda*, 385 F. Supp. 3d at 1112.

Under § 1225(b), "the only opportunity for a noncitizen to be released pending a decision on the asylum application is temporary parole 'for urgent humanitarian reasons or significant public benefit.'" *Banda*, 385 F. Supp. 3d at 1112 (quoting 8 U.S.C. § 1182(d)(5)(A)); *see also* 8 C.F.R. §§ 212.5(b), 235.3).

Even if the statutory terms of § 1225(b) do not require a bond hearing, petitioner's continued detention must comport with due process. *See Boumediene v. Bush*, 553 U.S. 723, 797 (2008) (holding that habeas corpus applies to detainees who were classified as enemy combatants and held at Guantanamo Bay; "few exercises of judicial power are as legitimate or necessary as the responsibility to hear challenges to the authority of the Executive to imprison a person."). "Any argument that ICE acted

within its authority has no effect on a claim contending that detention violates Constitutional Due Process." *Francois v. Wamsely*, No. C25-2122-RSM-GJL, 2025 WL 3063251, at *3 (W.D. Wash. Nov. 3, 2025) (citation omitted).

The NTA does not state petitioner is an arriving alien. Dkt. 7-2, NTA at 2; *See Garcia Gabriel v. Hermosillo*, No. 2:25-cv-02594-DGE-GJL, 2026 WL 194233, at *3 (W.D. Wash. Jan. 26, 2026) ("Notably, the issuing officer explicitly declined to designate Petitioner as an 'arriving alien,' . . . which is the active language used to define the scope of § 1225(b)(2)(a) in its implementing regulation.") (citing *Martinez v. Hyde*, 792 F. Supp. 3d 211, 218-19 (D. Mass. 2025)). Petitioner's OREC was also issued "in accordance with section 236 of the Immigration and Nationality Act." 7-3 at 2; *see, e.g.*, *Aguilar-Graterol v. Warden/Facility Adm'r, Nw. Det. Cente*r, No. 2:26-CV-00997-LK, 2026 WL 1162705, at *4 (W.D. Wash. Apr. 29, 2026) (OREC specifying the same indicated government's treatment of petitioner as "subject to discretionary detention under 8 U.S.C. § 1226 from his arrival in the United States until [his subsequent re-detention]"); *Fiston v. Bondi*, No. 2:26-CV-00904-JHC, 2026 WL 926064, at *3 (W.D. Wash. Apr. 6, 2026) (noting that the presence of this language made petitioner's case "even stronger"). Respondents acknowledge that courts in this district have found that a person released under an OREC is subject to detention under 8 U.S.C. § 1226(a). Dkt. 5 at 5.

Release or "conditional parole" under an OREC is authorized under § 1226(a)(2)(B). *See* 8 U.S.C. § 1226(a)(2)(B); *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115-16 (9th Cir. 2007) (holding noncitizens released on an OREC must

necessarily have been detained and released under § 1226). Under the circumstances of the arrest and re-detention of petitioner in July 2026, he was subject to § 1226(a).

**1. Private Interest**

As to the first factor, petitioner's interest in not being detained is "the most elemental of liberty interests[.]" *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004). Petitioner's weighty liberty interest in not being detained is not diminished solely because he is a noncitizen in immigration proceedings. *See Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (Freedom from restraint is at the core of the liberty protected by the Due Process Clause from arbitrary governmental action) *see also Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all "persons" within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent.").

Petitioner was arrested on July 17, 2022 and detained until July 21, 2022; he was granted release on an OREC for four years; on July 23, 2026, he was re-arrested and has been detained for approximately two months; his liberty interest in remaining free of restraint and not subject to incarceration is clearly a constitutionally protected liberty interest. *See Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017) ("While the temporary detention of non-citizens may sometimes be justified by concerns about public safety or flight risk, the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process[.]").

Petitioner has had four years to create ties to the community, has a pending appeal of the denial of his application for asylum and withholding of removal, and seems

to have authorization to work. These interests weigh in favor of finding petitioner has a strong interest in remaining at liberty. The Court finds this factor weighs in petitioners' favor.

**2. Risk of Erroneous Deprivation**

The second *Mathews* factor considers whether a particular process results in a risk of erroneous deprivation of a protected interest and the probable value, if any, of additional or substitute procedural safeguards. *Mathews*, 424 U.S. at 335.

The Supreme Court "usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *See Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original). Yet there "may be situations that urgently require arrest, in which a prompt post-deprivation hearing is appropriate." *Martinez Hernandez v. Andrews*, No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767, at *11 - *12 (E.D. Cal. Aug. 28, 2025) (citing *Zinermon*, 494 U.S. at 128 (noting there may be "special case[s]" where a pre-deprivation hearing is impracticable); *Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1031-32, 1036 (N.D. Cal. 2025) ("absent evidence of urgent concerns, a *pre*-deprivation hearing is required to satisfy due process, particularly where an individual has been released on bond by an IJ").

Here, petitioner was not provided with adequate notice of the allegations or an opportunity to respond prior to, during, or immediately after arrest. There was no neutral decisionmaker, no meaningful notice, and no meaningful opportunity to contest ICE's assertions before petitioners' detention. There was no assessment of petitioners' flight risk or dangerousness to the community either prior to, during, or after his detention.

*See Rios-Rodriguez v. Blanche,* 2:26-cv-02117-RFB-MDC, 2026 WL 2280924, at *6-*7 (D. Nevada, August 7, 2026) (stating that the government was ignoring regulations that require adequate notice before re-arrest, and opportunity to be heard at the time of re-arrest, and before detention is ordered, under § 1226(a)).

Petitioner should have received a hearing at a meaningful time — before being arrested. *See Lopez Benitez v. Francis,* 795 F. Supp. 3d 475, 496-497 (S.D.N.Y. 2025) (observing that under § 1226(a) and 8 C.F.R. § 236.1(d)(1), an initial decision must be made by ICE before an individual is arrested and detained, and this requires a deliberative process before or contemporaneous with the re-arrest).

Petitioner asserts, and the respondents do not dispute, that Mr. Xasan has no criminal history (Dkt. 7-1 at 4); the only ground given for detention was the failure to attend two of the check-ins, one in 2025 and one in 2026, and both times petitioner voluntarily returned to report to ICE. This is not a situation where the non-citizen was being released on post-conviction supervision after serving a sentence for a crime, or recently committed a new criminal offense, and immediate detention with a post-deprivation notice would have been sufficient. *But see Kakkar v. Chestnut,* 1:25-CV-1627 JLT SAB, 2025 WL 3638298 (E.D. Cal. December 15, 2025) at *6 (deciding that due process would require a pre-deprivation hearing, for a person who has been released from prison on post-conviction supervision in the community and has lived in the community without further criminal charges for many years).

Petitioner alleges that on May 5, 2023, he went into a biometrics appointment associated with his previously filed Form I-589 application for asylum and withholding of removal. Dkt. 1 at 26; Dkt. 1-5, Stamped Biometrics Notice. The Form I-213 states that May 5, 2023 was the date petitioner filed the application. Dkt. 7-1 at 3. The Form I-213 also describes Mr. Xasan as "[u]nemployed or retired," while his declaration states that, immediately before his detention, he worked as an Uber Eats delivery driver and a security guard. Dkt. 1 at 26. As petitioner notes, these discrepancies reflect the importance of an individualized assessment before detention. Accordingly, the second factor weighs in petitioner's favor.

3. **The Government's Interest**

The third and final *Mathews* factor also weighs in petitioner's favor. *Mathews*, 424 U.S. at 335. Respondents' interest in civil detention without a hearing is low. *E.A. T.-B.*, 795 F. Supp. 3d at 1323-24 (quoting *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019)) ("'If the government wishes to re-arrest Ortega at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.'"). The third factor favors petitioner.

The Court accordingly finds petitioner has a protected liberty interest in continuing release from custody and all the *Mathews* factors weigh in his favor.

The Court also finds a post-deprivation bond hearing is an inadequate procedural safeguard. The purpose of habeas corpus is to return the petitioner "to the position he would have been in if the [constitutional] violation never occurred." *Lujan v. Garcia,* 734

F.3d 917, 935 (9th Cir. 2013) (simplified; citing *Nunes v. Mueller,* 350 F.3d 1045, 1057 (9th Cir. 2003)).

Because a post-deprivation hearing would occur only after detention and, under the circumstances, would not address an erroneous deprivation of liberty at a meaningful time, it is not an effective remedy. *E.A. T.-B.*, 795 F. Supp. 3d at 1323-24 (quoting *Domingo v. Kaiser*, No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025)) ("'Even if Petitioner-Plaintiff received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion: that is, his potentially erroneous detention.'"); *see Kumar*, 2026 WL 251798, at *2, 5 (finding petitioner faced a high risk of erroneous deprivation where the Government detained him for alleged failures to report address changes without providing him with clear notice of the basis for re-detention and a meaningful opportunity to be heard before the deprivation).

**CONCLUSION AND ORDER**

For the above reasons, the petition for writ of habeas corpus (Dkt. 1) is GRANTED IN PART, and the Court ORDERS as follows:

(1) The Court holds that respondents' re-arrest and re-detention of petitioner on July 23, 2026 was implemented under 8 U.S.C. § 1226(a), but even if he is detained under 8 U.S.C. § 1225(b), under either statutory framework, the Court declares his due process rights were violated.

(2) The Court ORDERS respondents to release petitioner from custody within 24 hours of the filing of this Order, on conditions of release that were in place before petitioner was re-arrested on July 23, 2026.

(3) No later than two Court business days after petitioners' release, the respondents must file with the Court a declaration confirming the date and time petitioner was released from custody.

(4) Respondents and their respective officers, agents, employees, attorneys, and other persons acting on their behalf are prohibited from re-detaining petitioner unless and until he is provided with adequate notice and a hearing, consistent with due process, before an immigration court to determine whether re-detention is appropriate.

(5) The Court will entertain any appropriate post-judgment motion for attorney's fees.

Dated this 18th day of September, 2026.

Theresa L. Fricke

Theresa L. Fricke
United States Magistrate Judge